| | |
|---|---|
| Kenneth Steven Daywitt, and others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Minnesota Department of Human Services, Minnesota Sex Offender Program, Emily Johnson Piper, Jannine Hebert, Peter Puffer, Jim Berg, Jerry Fjerkenstad, and Katherine Lockie, in their individual and official capacities,<br><br>        Defendants. | Case No. 16-cv-2541 (WMW/LIB)<br><br>**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION** |

Plaintiff Kenneth Steven Daywitt[1] challenges a policy of the Minnesota Sex Offender Program (MSOP) that requires Daywitt to participate in his treatment group on certain religious holy days during which work is proscribed for adherents to his faith. Defendants filed a motion to dismiss. Currently before the Court are the February 6, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois, (Dkt. 25), addressing the motion to dismiss, and Defendants' objections to the R&R, (Dkt. 26). For the reasons addressed below, the Court overrules Defendants'

---

[1] The caption of Daywitt's complaint indicates that Daywitt is asserting claims on behalf of himself "and others similarly situated." The complaint contains no allegations related to other plaintiffs, however, and a pro se litigant may not maintain claims on behalf of a purported class. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (stating that a nonlawyer "has no right to represent another entity . . . in a court of the United States"); *Greene v. Hanners*, No. 10-546, 2010 WL 3033762, at *3 (D. Minn. Mar. 25, 2010) ("[I]t is well settled that pro se litigants . . . are not permitted to maintain class actions . . . .").

objections, adopts in part and rejects in part the R&R, and grants in part and denies in part Defendants' motion to dismiss.

## BACKGROUND

Daywitt, an adherent of the Orthodox Jewish faith, is civilly committed to MSOP in Moose Lake, Minnesota. Daywitt's religion proscribes its adherents from working on certain holy days. As part of his treatment at MSOP, Daywitt participates in treatment groups with the goal of being released from MSOP in the future. Daywitt alleges that he has requested that his absences from treatment group activities be excused on holy days during which he is prohibited from working. Those requests have been denied, and his absences have been unexcused.

Daywitt brought this lawsuit, alleging that MSOP and its employees have violated his constitutional and statutory rights by refusing to excuse his absences from his treatment group on religious holidays. Daywitt asserts claims against the Minnesota Department of Human Services, MSOP, and six named defendants, all in their official and individual capacities.[2] Daywitt asserts claims against each defendant under 42 U.S.C. § 1983 for violations of his rights guaranteed by the First and Fourteenth Amendments to the United States Constitution and under both the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc *et seq.*, and the

---

[2] The named defendants are Emily Johnson Piper, Commissioner of the Department of Human Services; Jannine Hebert, Clinical Executive Director of MSOP; Peter Puffer, Clinical Director of MSOP-Moose Lake; James Berg, Assistant Executive Director of MSOP; Jerry Fjerkenstad, Assistant Clinical Director of MSOP-Moose Lake; and Katherine Lockie, Assistant Clinical Director of MSOP-Moose Lake.

Minnesota Constitution. Daywitt seeks an award of compensatory and punitive damages, along with injunctive and declaratory relief.

Defendants move to dismiss Daywitt's complaint "in its entirety." But in Defendants' memorandum in support of the motion to dismiss, counsel for Defendants states that she "currently represents all individually-named Defendants in their official capacities and anticipates representing them in their individual capacities once the indemnification process is complete." Yet nothing in counsel's notice of appearance limits that appearance to representing the individually named Defendants only in their official capacities. To the contrary, the notice states that "the undersigned enters her appearance as counsel for Defendants."

The R&R recommends that the Court grant in part and deny in part Defendants' motion to dismiss. Specifically, the R&R recommends that Count 2—alleging substantive due process and equal protection violations under Section 1983—and Count 3—requesting compensatory, injunctive and declaratory relief—be dismissed in their entirety. As to Count 1—alleging violations of the First Amendment, RLUIPA, and the Minnesota Constitution under Section 1983—the R&R recommends dismissal of all claims against MSOP and the Minnesota Department of Human Services, all claims asserted under RLUIPA, and all claims asserted under the Minnesota Constitution. The R&R also recommends dismissal of Daywitt's Section 1983 claims against Defendants

Puffer, Fjerkenstad, and Lockie and against all of the named defendants in their official capacities to the extent Daywitt seeks monetary damages.[3]

## ANALYSIS

### I. Defendants' Objections to the R&R

Defendants raise two objections to the R&R. First, Defendants contend that Daywitt's claims against Berg in his official capacity should be dismissed because the complaint does not plausibly allege that Berg implemented the challenged policy or had the authority to rescind the policy. Second, Defendants assert that the Court lacked jurisdiction over the named defendants in their individual capacities when the R&R was issued because those defendants had not been properly served. The Court reviews each issue de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

#### A. Claims Against Defendant Berg in His Official Capacity

Defendants first object to the R&R's recommendation that the Court deny their motion to dismiss Daywitt's claims against Berg in his official capacity. Defendants argue that because Daywitt has not alleged that Berg has the authority to modify the challenged policy, the allegations against Berg must be dismissed.

To establish liability under Section 1983 in an official-capacity lawsuit, a plaintiff must show that the official either acted "pursuant to an unconstitutional governmental

---

[3] Based on the R&R's recommendation, Daywitt's claims under Section 1983 alleging violations of his First Amendment rights would remain to the extent they seek compensatory damages and injunctive relief against Defendants in their individual capacities and injunctive relief against Defendants Piper, Hebert and Berg in their official capacities.

4

policy or custom" or "possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989). "[S]tate officials may be sued in their official capacities for prospective injunctive relief when the plaintiff alleges that the officials are acting in violation of the Constitution or federal law." *Mo. Child Care Ass'n v. Cross*, 294 F.3d 1034, 1037 (8th Cir. 2002). Contrary to Defendants' argument, a Section 1983 plaintiff is not required to sue only a state official with authority to change an allegedly unconstitutional policy. *See Nix*, 879 F.2d at 433.

Daywitt alleges that MSOP's policy requires MSOP clients who are adherents of the Orthodox Jewish faith to attend treatment groups on religious holy days when work is proscribed by their religion. Daywitt also alleges that MSOP imposed negative consequences when Daywitt refused to attend treatment group on holy days in observance of his faith. In the only paragraph of the complaint that expressly addresses Berg, Daywitt alleges that Berg "implemented, carried out and retained a practice or procedure that inhibited [Daywitt] from practicing his faith to the fullest." Because these allegations state a claim for relief against Berg, the Court overrules Defendants' objection and adopts the R&R's conclusion that Defendants' motion to dismiss Daywitt's claim for prospective injunctive relief against Berg should be denied.

## B.  Personal Jurisdiction over Defendants in Their Individual Capacities

Defendants also assert that the Court lacked personal jurisdiction over Piper, Hebert, Puffer, Berg, Fjerkenstad, and Lockie in their individual capacities when the R&R issued because those defendants had been served in their official capacities but not

in their individual capacities. Defendants contend that the magistrate judge therefore lacked jurisdiction to recommend a disposition of Daywitt's claims against the named Defendants in their individual capacities.

A federal court lacks personal jurisdiction over a defendant who has not been properly served unless the defendant voluntarily appears or waives defective service. *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982). Here, each Defendant appeared by counsel on November 14, 2016. The notice of appearance did not limit counsel's appearance to Defendants in their official capacities. Having appeared by counsel before the magistrate judge issued recommendations as to the disposition of certain claims against them in their individual capacities, Defendants waived any objection that the Court lacked personal jurisdiction over them. Consequently, the Court overrules this objection and adopts the R&R's recommendations as they pertain to Defendants in their individual capacities.

## II. Recommendations to Which No Objections Were Filed

The R&R reaches conclusions on several other issues to which neither party objects. Specifically, the R&R recommends that the Court (1) dismiss with prejudice Daywitt's claims against the Minnesota Department of Human Services and MSOP; (2) dismiss with prejudice all Section 1983 claims for monetary damages against Defendants in their official capacities; (3) dismiss without prejudice all Section 1983 claims against Defendants Puffer, Fjerkenstad, and Lockie in their official capacities; (4) dismiss without prejudice claims for punitive damages under Section 1983 against Defendants in their individual capacities; (5) dismiss without prejudice Daywitt's

6

RLUIPA claim; (6) dismiss with prejudice Daywitt's claim based on alleged violations of the Minnesota Constitution; (7) dismiss without prejudice Daywitt's Section 1983 claim based on alleged violations of the Equal Protection Clause of the Fourteenth Amendment; and (8) dismiss with prejudice Daywitt's Section 1983 claim based on alleged violations of his substantive due process rights under the Fourteenth Amendment.

The Court reviews for clear error those portions of the R&R to which no objection was filed. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder*, 73 F.3d at 795.

Having reviewed the portions of the R&R to which neither party objected, the Court concludes that the Section 1983 claims against Defendants Puffer, Fjerkenstad, and Lockie in their official capacities should not be dismissed, as a Section 1983 plaintiff need not sue only those officials who are empowered to change an allegedly unconstitutional policy. *See* Part I.A, *supra*. Defendants correctly assert that Daywitt's allegations against Puffer, Fjerkenstad, and Lockie are indistinguishable from the allegations against Berg. And for that reason, the same error that is present as to Berg also is present as to Puffer, Fjerkenstad, and Lockie. The R&R erroneously concludes that Daywitt's allegations against Puffer, Fjerkenstad, and Lockie fail to state a plausible claim on which relief can be granted because Daywitt does not allege that those defendants have the authority to change MSOP's policy. Therefore, Defendants' motion to dismiss is denied as to Daywitt's Section 1983 claim alleging violations of his First

7

Amendment rights to the extent Daywitt seeks prospective injunctive relief against Defendants Puffer, Fjerkenstad, and Lockie in their official capacities.

The R&R's remaining conclusions, however, are not clearly erroneous and are adopted.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendants' objections to the R&R, (Dkt. 26), are **OVERRULED**.

2. The R&R, (Dkt. 25), is **ADOPTED IN PART** and **REJECTED IN PART**, as set forth herein.

3. Defendants' motion to dismiss, (Dkt. 8), is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. All of Plaintiff's claims against MSOP and the Minnesota Department of Human Services are **DIMISSED WITH PREJUDICE**.

    b. Plaintiff's Section 1983 claims for compensatory and punitive damages against Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.

    c. Plaintiff's Section 1983 claim for punitive damages against all named Defendants in their individual capacities is **DISMISSED WITHOUT PREJUDICE**.

    d. Plaintiff's claim based on RLUIPA is **DISMISSED WITHOUT PREJUDICE**.

e. Plaintiff's claim based on alleged violations of the Minnesota Constitution is **DISMISSED WITH PREJUDICE**.

f. Plaintiff's Section 1983 claim based on alleged violations of the Fourteenth Amendment's guarantee of equal protection is **DISMISSED WITHOUT PREJUDICE**.

g. Plaintiff's Section 1983 claim based on alleged violations of the Fourteenth Amendment's substantive due process provision is **DISMISSED WITHOUT PREJUDICE**.

Dated: May 23, 2017                           s/Wilhelmina M. Wright
                                              Wilhelmina M. Wright
                                              United States District Judge